IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KATHARINE J.**,

    Plaintiff,

v.

**NANCY A. BERRYHILL,** acting COMMISSIONER of Social Security,

    Defendant.

No. 6:18-cv-00662-HZ

OPINION & ORDER

Katherine L. Eitenmiller
HARDER, WELLS, BARON & MANNING, P.C.
474 Willamette Street
Eugene, Oregon 97401

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Lisa Goldoftas
Social Security Administration

PAGE 1 – OPINION & ORDER

Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Katharine J. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). For reasons discussed below, the Commissioner's decision is reversed and remanded for the immediate payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in September 2014, alleging disability beginning July 15, 2012. Tr. 163-64. The Commissioner denied Plaintiff's application initially and upon reconsideration. Tr. 111-20. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 121-23. In a decision dated August 9, 2017, the ALJ found Plaintiff not disabled. Tr. 20-32. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-7; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## FACTUAL BACKGROUND

Plaintiff was born in March 1962. Tr. 163. She alleged disability due to bipolar disorder, manic/depressive episodes, situational anxiety, post-traumatic stress disorder, and attention deficit hyperactivity disorder. Tr. 182. Plaintiff completed four years of college and has past work experience as a home attendant, general office clerk, material handler, customer service representative, telephone solicitor, and receptionist. Tr. 30, 183-84.

# SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual

functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

The ALJ performed the sequential analysis. Tr. 20-32. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of July 15, 2012 through her date last insured of June 30, 2017. Tr. 22. At step two, the ALJ found Plaintiff had the severe impairments of gastritis, depression, bipolar disorder, and anxiety. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. Tr. 23.

The ALJ next determined Plaintiff's RFC and found she could perform medium work with the following limitations:

> [S]he can understand, remember, and carry out only short and simple instructions and can only make simple work-related judgments and decisions. The claimant can have no more than occasional interactive contact with the public and no more than frequent interactive contact with coworkers and supervisors.

Tr. 24-25.

At step four, the ALJ found Plaintiff was unable to perform any of her past relevant work. Tr. 30. At step five, the ALJ found Plaintiff capable of performing jobs that exist in significant numbers in the national economy including laundry laborer, stacker sorter operator, and stores laborer. Tr. 31. The ALJ therefore concluded that Plaintiff was not disabled from July 15, 2012 through June 30, 2017. Tr. 32.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin*., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than preponderance."

*Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id*. (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)); *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id*.; *see also Batson*, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. *Bray*, 554 F.3d at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by (I) rejecting her testimony; (II) improperly evaluating medical source opinions; and (III) rejecting the lay witness testimony.

### I. Credibility Determination

Plaintiff first argues that the ALJ erred by rejecting her subjective symptom testimony. There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). When doing so, "the claimant need not show that her impairment could

reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345–46).

The ALJ's evaluation of a claimant's subjective symptom testimony may be upheld overall even if not all of the ALJ's reasons for rejecting the testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, reject testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Plaintiff stated that her mental health symptoms made it difficult to complete tasks, concentrate, follow instructions, and get along with others. Tr. 196-97. She testified that she had problems with attention and concentration, even when at home. Tr. 55-57. She explained that she gets support from her parents and avoids going outside the house because of her anxiety. Tr. 57.

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. Tr. 25. First, the ALJ found that Plaintiff's testimony regarding her debilitating symptoms and

limitations conflicted with her activities. *Id.* Contradiction with a claimant's activities of daily living is a clear and convincing reason for rejecting a claimant's testimony. *Tommasetti*, 533 F.3d at 1039. Here, the ALJ noted Plaintiff could prepare meals, clean, mow the grass, do laundry, trim bushes, rake leaves, care for her cats, drive, and go shopping in stores. Tr. 29, 193-96, 201, 211-16. Treatment notes indicated that Plaintiff enjoyed doing projects around the house, gardening, spending time with friends, and traveling. Tr. 23-24, 29, 637. While Plaintiff testified that she had problems getting along with others, she also socialized regularly, seeing friends in person several times per week and talking on the phone with a good friend several times per week. Tr. 23, 196. The Court finds this evidence is equivocal as to Plaintiff's testimony – it neither contradicts nor supports her contention that she cannot work because of severe mental symptoms.

Second, the ALJ found that Plaintiff's mental impairments improved with treatment. Tr. 26-28. The ALJ may consider medical evidence of improvement in evaluating a claimant's symptom testimony. *Morgan v. Comm'r*, 169 F.3d 595, 599-600 (9th Cir. 1999). Here, when Plaintiff was compliant with medications, her symptoms improved. Tr. 82, 98-99, 426, 637, 659, 663, 677, 700, 715. For example, her mood significantly improved on Lexapro, and longitudinal treatment notes documented that Plaintiff was fully alert and oriented with a normal mood and affect. *See, e.g.*, Tr. 426, 432, 447, 449, 458. However, the record also shows Plaintiff has a history of discontinuing medication while in the midst of a manic episode, as her increased paranoia impacted her ability to comply with treatment. It was not therefore reasonable to infer that Plaintiff's sporadic improvements with medication would last for a 12-month period. *See* Tr. 8, 804. Due to the nature of her mental health problems, Plaintiff's sporadic improvement with treatment was, in this case, not a clear and convincing reason to reject her testimony.

The ALJ next found that Plaintiff's allegations were unsupported by the medical evidence. Tr. 22. Lack of corroboration from the medical record can support an ALJ's credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Further, an ALJ may reject testimony that is inconsistent with the medical evidence of record. *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ noted that while Plaintiff complained of gastritis, her colonoscopy was normal except for some scattered sigmoid diverticula and internal hemorrhoids. Treatment notes indicated Plaintiff's gastrointestinal issues improved with a change in diet. Tr. 626-27. Antacid medication helped her heartburn, and overall her gastritis and chronic gastrointestinal symptoms were fairly controlled. Tr. 537, 634-36.

The discrepancy between the medical record and Plaintiff's physical complaints, however, does not constitute a clear and convincing reason to reject Plaintiff's testimony regarding her disabling mental conditions. Plaintiff alleged disability primarily due to mental symptoms and limitations, and the ALJ did not provide any clear and convincing reasons for rejecting Plaintiff's testimony regarding her mental health impairments. On this record, the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record for rejecting all of Plaintiff's subjective symptom testimony. *Lingenfelter*, 504 F.3d at 1036.

## II. Medical Opinion Evidence

Plaintiff next argues that the ALJ improperly evaluated the medical opinion of Teresa Dobles, Psy.D., and or Kenneth Zimmerman, PMHNP. The weight given to the opinion of a physician depends on whether the physician is a treating, examining, or nonexamining physician. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527). If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may

only reject it for clear and convincing reasons. *Id.* (treating physician); *Widmark v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 632; *Widmark*, 454 F.3d at 1066. "An ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted).

Dr. Dobles performed a comprehensive psychological examination on March 27, 2017 and completed a mental RFC report. Tr. 26, 797-812. She noted that Plaintiff's symptoms were consistent with a mild level of depression. Tr. 803. Plaintiff's intellectual functioning ranged between average and superior. Tr. 801. Dr. Dobles diagnosed schizoaffective disorder, bipolar type; generalized anxiety disorder; and post-traumatic stress disorder. Tr. 805. She opined that Plaintiff's functional limitations ranged from none to marked. Tr. 807-09. Dr. Dobles concluded that it was unlikely Plaintiff could find and maintain employment in a regular setting without jeopardizing her mental health and tenuous stability. Tr. 804. Kenneth Zimmerman, a treating "other source," checked a box indicating that he concurred with Dr. Dobles' opinion. Tr. 797-812, 813-14. In a letter to the Agency dated November 16, 2017, Dr. Dobles clarified that individuals with serious psychiatric diagnoses like Plaintiff "are likely to function at their best within low stress supportive environments and with medications. Individuals with a history similar to [Plaintiff's] of decompensating within stressful environments such as in a work environment are highly likely to decompensate again." Tr. 8. While the ALJ did not have access

to this clarification at the time he rendered his decision, it became part of the administrative record. *Id.*

The ALJ gave little weight to Dr. Dobles' opinion and was therefore required to provide clear and convincing reasons for rejecting it. Tr. 27-28, *Widmark*, 454 F.3d 1063, 1067. Here, the ALJ rejected Dr. Dobles' opinion (and Mr. Zimmerman's concurrence) because it was inconsistent with

> treatment notes indicating that the claimant was alert and fully oriented with a normal mood and affect, that she had normal thought content and thought processes, that she had an intact memory, that she had intact attention and concentration, and that she had improved and stabilized with treatment, including medication and therapy.

Tr. 28, *citing, e.g.*, Tr. 344, 359, 356, 366 (treatment notes stating Plaintiff's symptoms stabilized when she was medication compliant and in treatment); 542, 632 (treatment notes documenting normal psychiatric evaluations). As discussed above, however, Plaintiff's periods of stability do not contradict Dr. Dobles' finding that Plaintiff would decompensate again in a stressful environment, such as one that required her to work or leave her house on a regular basis. As Dr. Dobles wrote,

> [Plaintiff's] ability to maintain employment had diminished. She had experienced an escalation of psychiatric symptoms even in the low level and less stressful work environments. Based on her employment history of repeated failures on the job and escalation of psychiatric symptoms, [Plaintiff] is at high risk for decompensation with the added stress of any job. An individual's presentation and performance in a collaborative and supportive one on one situation does not readily translate to a demanding performance situation such as a job. … Given the complexity and severity of her mental illness, [Plaintiff] is vulnerable to decompensation when performing any job, even low demand jobs.

Tr. 8. Plaintiff's occasional presentation as stable throughout the record is consistent with Dr. Dobles' opinion that, due to her mental impairments, Plaintiff could not perform substantial gainful activity. The ALJ's evaluation of the medical evidence reflects a fundamental

misunderstanding of Plaintiff's psychiatric diagnoses and was therefore not supported by substantial evidence.

The Commissioner also argues that the ALJ rejected Dr. Dobles' opinion because Plaintiff's impairments could be controlled effectively with medication and that any waxing and waning of her symptoms was due to Plaintiff's noncompliance with treatment. In the Ninth Circuit however the ALJ may not discount evidence because a mentally ill claimant has experienced bouts of remission from going off medication. *See Garrison*, 759 F.3d at 1018 n.24 ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). Further, the ALJ did not cite Plaintiff's use of medication or compliance with treatment as a reason to discount Dr. Dobles' opinion of Mr. Zimmerman's concurrence with her opinion. *See* Tr. 28. In sum, the ALJ failed to provide a clear and convincing reason to reject Dr. Dobles' opinion. The ALJ's rejection of the Mr. Zimmerman's opinion was also not supported by substantial evidence in the record and was therefore error.

### III. Lay Witness Testimony

Plaintiff also argues that the ALJ erred in rejecting the lay testimony of Plaintiff's mother, R. Miriam Jaschek. "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence. *Id*. Thus, an ALJ may not reject such testimony without comment. *Id*. In rejecting lay testimony, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those

reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

Ms. Jaschek completed a third-party function report regarding Plaintiff's symptoms and limitations, largely echoing Plaintiff's subjective symptom testimony. Tr. 211-18. The ALJ gave Ms. Jaschek's opinion "some weight" but found it to be inconsistent with treatment notes indicating that Plaintiff had normal attention and concentration; that she improved with medication and therapy; and that her mood, thought organization, and expression had normalized. Tr. 28. Inconsistency with medical evidence is a germane reason for rejecting lay testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). As discussed above, however, the ALJ's interpretation of the medical record did not take into account the fact that, due to Plaintiff's mental impairments, she sometimes ceased taking her medications and was likely to decompensate if she attempted for perform substantial gainful activity. *See, e.g.*, Tr. 8. On this record, the ALJ failed to provide a legally sufficient reason to reject Ms. Jaschek's testimony. *Bayliss*, 427 F.3d at 1218.

## IV.     Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as

true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule."). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler*, 775 F.3d at 1101.

Here, the ALJ erroneously rejected the opinion of Dr. Dobles, Plaintiff's subjective symptom testimony, and the lay testimony of Ms. Jaschek. When the erroneously rejected testimony is credited as true, no outstanding issues remain before a finding of disability can be reached. At the hearing, the VE testified that someone with the limitations and symptoms described by Plaintiff, Ms. Jaschek, and Dr. Dobles would not be able to sustain substantial gainful employment. Tr. 74-75. Further proceedings would therefore serve no useful purpose and remand for immediate payment of benefits is appropriate.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision is REVERSED and REMANDED for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this ___th day of August, 2019.

_____
Marco Hernandez
United States District Judge